

263.061246

RES/cjs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC **F I L E D**

NOV 0 8 2007
NOV 08 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ALICE JORGENSEN, as Special Representative
and as Special Administrator of the Estate of
HELEN GORSKI, Deceased,

                Plaintiff,

v.

SUNRISE SENIOR LIVING, INC., a foreign
corporation, d/b/a SUNRISE OF SCHAUMBURG,
f/k/a SUNRISE ASSISTED LIVING CENTER;
SUNRISE SCHAUMBURG ASSISTED LIVING, LLC;
SUNRISE SENIOR LIVING MANAGEMENT, INC.,
a foreign corporation, f/k/a SUNRISE ASSISTED
LIVING MANAGEMENT, INC.; SUNRISE SENIOR
LIVING INVESTMENTS, INC., a foreign corporation;
ALEXIAN BROTHERS MEDICAL CENTER,
individually and d/b/a OLDER ADULT HEALTHCARE;
OLDER ADULT HEALTHCARE; SUNRISE THIRD
SCHAUMBURG SL, LLC; SUNRISE THIRD (Pool I),
LLC; SUNRISE THIRD (Pool II), LLC;  SUNRISE
THIRD (Pool III), LLC,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.
Circuit Court of Cook County
07 L 9434

**07CV6353
JUDGE GOTTSCHALL
MAGISTRATE JUDGE DENLOW**

## NOTICE OF REMOVAL

**NOW COME**, the Defendants, SUNRISE SENIOR LIVING, INC., SUNRISE

SCHAUMBURG ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING MANAGEMENT, INC.,

SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SCHAUMBURG SL, LLC,

SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II), LLC, and SUNRISE THIRD (Pool III), LLC,

by and through their attorneys, PRETZEL & STOUFFER, CHARTERED, and hereby remove this

civil action being case number 07 L 9434 from the Circuit Court of the State of Illinois, Cook County,

Law Division to the United States District Court for the Northern District of Illinois, Eastern Division,

pursuant to 28 USC §1441 and §1332. In support thereof, the Defendants state as follows:

1.     This action was commenced against the named Defendants in the Circuit Court of Cook County, County Department, Law Division, State of Illinois on September 7, 2007.  A copy of the Complaint was served upon the Defendant, Sunrise Senior Living, Inc., on October 9, 2007.  This notice is filed within 30 days after service of the Complaint upon this Defendant.

2.     At the time the action was commenced, the special administrators, ALICE JORGENSEN, was a citizen of the State of Illinois.

3.     The Defendant, SUNRISE SENIOR LIVING, INC., is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Virginia.

4.     The Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, was an Illinois limited liability company, which has since voluntarily dissolved, and its sole member was Sunrise Senior Living Investments, Inc., a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia.

5.     The Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., is a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia.

6.     The Defendant, SUNRISE SENIOR LIVING INVESTMENTS, INC., is a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia.

7.     The Defendant, ALEXIAN BROTHERS MEDICAL CENTER, is a corporation organized and existing under the laws of the state of Texas.

8.     The Defendant, OLDER ADULT HEALTHCARE, does not exist as an independent corporation or limited liability company in Illinois.

9.     The Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC is an Illinois limited liability company, and its members are AL Funding III, Inc., a corporation organized and existing

under the laws of the state of Delaware, with its principal place of business in New York and SUNRISE SENIOR LIVING INVESTMENTS, INC., a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia.

10.     The Defendant, SUNRISE THIRD (Pool I), LLC, is a Delaware limited liability company, and its sole member is Sunrise Third Senior Living Holdings LLC, a Delaware limited liability company, whose members are SUNRISE SENIOR LIVING INVESTMENTS, INC., a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia, and US Assisted Living Facilities III, Inc., a corporation organized and existing under the laws of the State of Delaware.

11.     The Defendant, SUNRISE THIRD (Pool II), LLC, is a Delaware limited liability company, and its sole member is Sunrise Third Senior Living Holdings LLC, a Delaware limited liability company, whose members are SUNRISE SENIOR LIVING INVESTMENTS, INC., a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia, and US Assisted Living Facilities III, Inc., a corporation organized and existing under the laws of the State of Delaware.

12.     The Defendant, SUNRISE THIRD (Pool III), LLC, is a Delaware limited liability company, and its sole member is Sunrise Third Senior Living Holdings LLC, a Delaware limited liability company, whose members are SUNRISE SENIOR LIVING INVESTMENTS, INC., a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia, and US Assisted Living Facilities III, Inc., a corporation organized and existing under the laws of the State of Delaware.

13.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is alleging that the alleged negligence of the Defendants caused the death of HELEN GORSKI. Prior to her death, Plaintiff is alleging that HELEN GORSKI was injured and required

medical care and treatment. Based on this information, there is a good faith basis to assert that the amount in controversy exceeds the jurisdictional amount.

14.    This action is a civil one of which the United States District Courts have original jurisdiction under 28 USC §1332. This Notice of Removal is filed in the United States District Court for the Northern District of Illinois, Eastern Division, which is the district and division in which the State action is pending.

15.    The Defendants has attached to this Notice copies of process and pleadings that have been served upon it.

**WHEREFORE**, the Defendants, SUNRISE SENIOR LIVING, INC., SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING MANAGEMENT, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SCHAUMBURG SL, LLC, SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II), LLC, and SUNRISE THIRD (Pool III), LLC, by and through their attorneys, PRETZEL & STOUFFER, CHARTERED, pray that this cause be removed to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

Daniel B. Mills, Esq.
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:    (312) 578-7489
Fax:        (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendants*

Firm Code No. 55019

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ALICE   JORGENSEN,   As   Special
Representative and as Special Administrator
of the Estate of HELEN GORSKI, Deceased,

                              **Plaintiff,**

        v.                                          **COURT NO.**

SUNRISE SENIOR LIVING, INC., a
foreign corporation, d/b/a SUNRISE OF
SCHAUMBURG, f/k/a SUNRISE
ASSISTED LIVING CENTER; SUNRISE
SCHAUMBURG ASSISTED LIVING,
L.L.C.; SUNRISE SENIOR LIVING
MANAGEMENT, INC., a foreign
corporation, f/k/a SUNRISE ASSISTED
LIVING MANAGEMENT, INC.;
SUNRISE SENIOR LIVING
INVESTMENTS, INC., a foreign
corporation; ALEXIAN BROTHERS
MEDICAL CENTER, Individually and
d/b/a OLDER ADULT HEALTHCARE;
OLDER ADULT HEALTHCARE;
SUNRISE THIRD SCHAUMBURG SL,
LLC; SUNRISE THIRD (Pool I), LLC;
SUNRISE THIRD (Pool II), LLC; and
SUNRISE THIRD (Pool III), LLC,

                              **Defendants.**

and

SADER MOHSIN, M.D and BHUPINDER
CHHABRA, M.D.,

        **Respondents in Discovery.**

## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Plaintiff, ALICE JORGENSEN, as Special Representative and as

NOW COMES the Plaintiff, ALICE JORGENSEN, as Special Representative and as Special Administrator of the Estate of HELEN GORSKI, Deceased, by her attorneys, LEVIN & PERCONTI, and complaining against each of the Defendants, SUNRISE SENIOR LIVING, INC., a foreign corporation, d/b/a SUNRISE OF SCHAUMBURG, f/k/a SUNRISE ASSISTED LIVING CENTER; SUNRISE SCHAUMBURG ASSISTED LIVING, L.L.C.; SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC.; SUNRISE SENIOR LIVING INVESTMENTS, INC.; ALEXIAN BROTHERS MEDICAL CENTER, Individually and d/b/a OLDER ADULT HEALTHCARE; OLDER ADULT HEALTHCARE; SUNRISE THIRD SCHAUMBURG SL, LLC; SUNRISE THIRD (Pool I), LLC; SUNRISE THIRD (Pool II), LLC; and SUNRISE THIRD (Pool III), LLC; and Respondents in Discovery, SADER MOHSIN, M.D. and BHUPINDER CHHABRA, M.D., states as follows:

## COUNT I
### [Gorski v. Sunrise Senior Living, Inc., d/b/a Sunrise of Schaumburg, f/k/a Sunrise Assisted Living Center – Survival Act]

1.    Plaintiff's decedent, HELEN GORSKI ["HELEN"], was born on January 14, 1918.

2.    On and after October 15, 2004, Defendant SUNRISE SENIOR LIVING, INC., ["SUNRISE, INC."], was a foreign corporation licensed to do and doing business in the State of Illinois.

3.    On and after October 15, 2004, Defendant SUNRISE, INC. was doing business as Sunrise of Schaumburg, formerly known as Sunrise Assisted Living Center.

2

4.    During all times relevant to this Complaint, Defendant SUNRISE, INC. owned, operated and/or controlled the assisted living facility known as Sunrise of Schaumburg, f/k/a Sunrise Assisted Living Center ["SUNRISE ASSISTED LIVING"], located at 790 N. Plum Grove Road, in the Village of Schaumburg, County of Cook, and State of Illinois

5.    On or about October 15, 2004, HELEN became a resident of the facility that held itself out as providing assisted living for individuals and offering specially designed programs of personalized assisted living services for residents with arthritis, Alzheimer's' Disease, gait disorder, poor vision, hypertension, and degenerative joint disease, including providing physical assistance with ambulation, assistance with activities of daily living such as eating, incontinence care,  and the administration of medication.

6.    HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004 through March 27, 2006.

7.    The facility was aware of HELEN's medical diagnoses and the importance of the proper administration of her medications and the necessity of monitoring the effects of those medications through appropriate blood testing.

8.    The facility was aware of HELEN's medical diagnoses and the importance of her receiving sufficient nutrition and hydration.

9.    The facility was aware of HELEN's medical diagnoses and the importance of maintaining her electrolyte balance.

10.    On or about September 9, 2005, HELEN was left standing alone by a caregiver and fell.

3

11.    At all material times, Defendants SUNRISE, INC. was under a duty to exercise

reasonable care while caring for HELEN.

12.    Defendant SUNRISE, INC., by and through their employees, agents and apparent

agents in breach of their duty were guilty of one or more of the following careless and negligent

acts or omissions:

    (a)    Failed to provide adequate and properly supervised care as needed by HELEN during transfers when they knew she was at high risk for falling due to her arthritis, poor vision, unsteady gait, problems with concentration, periods of confusion, and previous falls;

    (b)    Failed to verify that HELEN maintained acceptable parameters of nutritional status such as body weight and protein levels despite knowledge that she was a nutritional risk;

    (c)    Administered an excessive amount of cathartics and laxatives so as to cause an electrolyte imbalance;

    (d)    Failed to treat her diarrhea;

    (e)    Failed to administer sufficient fluids to maintain proper electrolyte imbalance; and

    (f)    Failed to monitor her lab values to verify that HELEN maintained an appropriate electrolyte balance.

13.    As a direct and proximate result of one or more of the Defendant's negligent acts

and/or omissions, HELEN sustained injuries including, but not limited to, an fracture of her left

knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which

caused and/or contributed to her death on March 27, 2006.

14.    As a direct and proximate result, HELEN suffered injuries of a personal and

pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, and

4

conscious pain and suffering; and HELEN would have been entitled to receive compensation from the Defendant for these injuries, had she survived.

15.    Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

16.    ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the provisions of the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased,  demands judgment against Defendant SUNRISE SENIOR LIVING, INC., a foreign corporation, in a fair and equitable sum in excess of the jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00) plus attorneys fees and costs as provided for by Statute.

## COUNT II
### [Gorski v. Sunrise Senior Living, Inc., d/b/a Sunrise of Schaumburg, f/k/a Sunrise Assisted Living Center – Wrongful Death Act]

1-13.    Plaintiff adopts, realleges, and incorporates by reference the allegations of Paragraphs 1 through 13 of Count I as the allegations of Paragraphs 1 through 13 of Count III.

14.    Plaintiff, ALICE JORGENSEN, was previously appointed as Special Administrator of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

15.    HELEN GOSKI left surviving her two daughters, Alice J. Jorgensen and Kathryn L. Blau, as her only surviving heirs at law, each of whom sustained substantial pecuniary injuries as a result of her death.

16.  HELEN's next of kin suffered injuries as a result of decedent's death, including the loss of companionship and society.  Further, Decedent's estate was diminished by virtue of the medical and funeral expenses that were incurred.

17.  Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased,  demands judgment against Defendant SUNRISE SENIOR  LIVING, INC., a foreign corporation, in a fair and equitable sum in excess of the jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00).

## COUNT III
### [Gorski v. Sunrise Schaumburg Assisted Living, L.L.C. -- Survival Act]

1.  Plaintiff's decedent, HELEN GORSKI ["HELEN"], was born on January 14, 1918.

2.  On and after October 15, 2004, Defendant SUNRISE SCHAUMBURG ASSISTED LIVING, L.L.C. ["SUNRISE, LLC"], was a foreign corporation licensed to do and doing business in the State of Illinois.

3.  On and after October 15, 2004, Defendant SUNRISE, LLC was doing business as Sunrise of Schaumburg, and was formerly known as Sunrise Assisted Living Center.

4.  During all times relevant to this Complaint, Defendant SUNRISE, LLC owned, operated, and/or controlled the assisted living facility known as Sunrise of Schaumburg, f/k/a

Sunrise Assisted Living Center ["SUNRISE ASSISTED LIVING"], located at 790 N. Plum Grove Road, in the Village of Schaumburg, County of Cook, and State of Illinois

5.    HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004 through March 27, 2006.

6.    The facility was aware of HELEN's medical diagnoses and the importance of the proper administration of her medications and the necessity of monitoring the effects of those medications through appropriate blood testing.

7.    The facility was aware of HELEN's medical diagnoses and the importance of her receiving sufficient nutrition and hydration.

8.    The facility was aware of HELEN's medical diagnoses and the importance of maintaining her electrolyte balance.

9.    On or about September 9, 2005, HELEN was left standing alone by a caregiver and fell.

10.    At all material times, Defendants SUNRISE, INC. was under a duty to exercise reasonable care while caring for HELEN.

11.    Defendant SUNRISE, INC., by and through their employees, agents and apparent agents in breach of their duty were guilty of one or more of the following careless and negligent acts or omissions:

    (a)    Failed to provide adequate and properly supervised care as needed by HELEN during transfers when they knew she was at high risk for falling due to her arthritis, poor vision, unsteady gait, problems with concentration, periods of confusion, and previous falls;

7

(b)    Failed to verify that HELEN maintained acceptable parameters of nutritional status such as body weight and protein levels despite knowledge that she was a nutritional risk;

(c)    Administered an excessive amount of cathartics and laxatives so as to cause an electrolyte imbalance;

(d)    Failed to treat her diarrhea;

(e)    Failed to administer sufficient fluids to maintain proper electrolyte imbalance; and

(f)    Failed to monitor her lab values to verify that HELEN maintained an appropriate electrolyte balance.

12.    As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, HELEN sustained injuries including, but not limited to, an fracture of her left knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or contributed to her death on March 27, 2006.

13.    As a direct and proximate result, HELEN suffered injuries of a personal and pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, and conscious pain and suffering; and HELEN would have been entitled to receive compensation from the Defendant for these injuries, had she survived.

14.    Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

15.    ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the provisions of the Illinois Survival Act, 755 ILCS 5/27-6.

8

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, demands judgment against Defendant SUNRISE SCHAUMBURG ASSISTED LIVING, L.L.C., a foreign corporation, in a fair and equitable sum in excess of the jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00), plus attorneys fees and costs as provided for by Statute.

## COUNT IV
### [Gorski v. Sunrise Schaumburg Assisted Living, L.L.C. – Wrongful Death]

1-12.    Plaintiff adopts, realleges, and incorporates by reference the allegations of Paragraphs 1 through 12 of Count III as the allegations of Paragraphs 1 through 7 of Count VI.

13.    Plaintiff, ALICE JORGENSEN, was previously appointed as Special Administrator of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

14.    HELEN GOSKI left surviving her two daughters, Alice J. Jorgensen and Kathryn L. Blau, as her only surviving heirs at law, each of whom sustained substantial pecuniary injuries as a result of her death.

15.    HELEN's next of kin suffered injuries as a result of decedent's death, including the loss of companionship and society. Further, Decedent's estate was diminished by virtue of the medical and funeral expenses that were incurred.

16.    Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq*.

9

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased, demands judgment against Defendant SUNRISE SCHAUMBURG ASSISTED LIVING, L.L.C., a foreign corporation, in a fair and equitable sum in excess of the jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00).

## COUNT V
[Gorski v. Sunrise Senior Living Management, Inc. and
Sunrise Senior Living Investments, Inc. – Survival Act]

1.     Plaintiff's decedent, HELEN GORSKI ["HELEN"], was born on January 14, 1918.

2.     On and after October 15, 2004, Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC., ["SUNRISE MANAGEMENT, INC."], was a foreign corporation licensed to do and doing business in the State of Illinois.

3.     On and after October 15, 2004, Defendant SUNRISE SENIOR LIVING INVESTMENTS, INC. ["SUNRISE LIVING INVESTMENTS"], was a foreign corporation licensed to do and doing business in the State of Illinois.

4.     At all material times, one of more of the Defendants, SUNRISE MANAGEMENT, INC., f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC., and SUNRISE LIVING INVESTMENTS, owned, operated, controlled and/or managed the assisted living facility known as Sunrise of Schaumburg, f/k/a/ Sunrise Assisted Living Center ["SUNRISE ASSISTED LIVING"], located at 790 N. Plum Grove Road, in the Village of Schaumburg, County of Cook, and State of Illinois.

10

5.      As the management companies, owners and/or operators of SUNRISE ASSISTED LIVING, the Defendants, SUNRISE MANAGEMENT, INC., f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC., and SUNRISE LIVING INVESTMENTS, exercised significant control over the day to day operations of the nursing home's business, including but not limited to, budgetary decisions, hiring and firing, staffing the facility, training the staff, contracting for services with consultants, managing the finances of the facility, monitoring the quality of care by nursing and physicians to residents of facility, and providing financial resources for nursing and medical supplies.

6.      HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004 through March 27, 2006.

7.      The facility was aware of HELEN's medical diagnoses and the importance of the proper administration of her medications and the necessity of monitoring the effects of those medications through appropriate blood testing.

8.      The facility was aware of HELEN's medical diagnoses and the importance of her receiving sufficient nutrition and hydration.

9.      The facility was aware of HELEN's medical diagnoses and the importance of maintaining her electrolyte balance.

10.     On or about September 9, 2005, HELEN was left standing alone by a caregiver and fell.

11.     In providing the services as the management companies, owners and/or operators of SUNRISE ASSISTED LIVING, the Defendants, SUNRISE MANAGEMENT, INC., f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC., and SUNRISE LIVING

11

INVESTMENTS, through their owners, managers, officers, employees and agents had a duty to exercise ordinary care in the operation of SUNRISE ASSISTED LIVING so as to not endanger HELEN's safety.

12.    Defendants, SUNRISE MANAGEMENT, INC., f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC., and SUNRISE LIVING INVESTMENTS, by and through their respective employees, agents and apparent agents in breach of their duty were guilty of one or more of the following careless and negligent acts or omissions:

(a)    Failed to provide adequate and properly supervised care as needed by HELEN during transfers when they knew she was at high risk for falling due to her arthritis, poor vision, unsteady gait, problems with concentration, periods of confusion, and previous falls;

(b)    Failed to verify that HELEN maintained acceptable parameters of nutritional status such as body weight and protein levels despite knowledge that she was a nutritional risk;

(c)    Administered an excessive amount of cathartics and laxatives so as to cause an electrolyte imbalance;

(d)    Failed to treat her diarrhea;

(e)    Failed to administer sufficient fluids to maintain proper electrolyte imbalance; and

(f)    Failed to monitor her lab values to verify that HELEN maintained an appropriate electrolyte balance.

(g)    Failed to allocate sufficient resources to adequately staff the facility to provide appropriate care to prevent residents from falling when Defendants knew or should have known the facility was understaffed and unable to provide reasonable care;

(h)    Inappropriately allocated excessive funds to itself thereby draining the facility of the resources necessary

to maintain sufficient and appropriately trained staff to administer care to its residents;

(i)   Failed to have appropriate medical records maintained for HELEN GORSKI documenting her nutritional intake; and

(j)   Failed to have appropriate medical records maintained for HELEN GORSKI documenting her electrolyte balance.

13.   As a direct and proximate result of one or more of the Defendant's negligent acts/ or omissions, HELEN sustained injuries including, but not limited to, an fracture of her left knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or contributed to her death on March 27, 2006.

14.   As a direct and proximate result, HELEN suffered injuries of a personal and pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, and conscious pain and suffering; and HELEN would have been entitled to receive compensation from the Defendant for these injuries, had she survived.

15.   Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, demands judgment against each of the Defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., a foreign corporation, in a fair and equitable sum in excess of the jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00).

13

## COUNT VI
### [Gorski v. Sunrise Senior Living Management, Inc. and
### Sunrise Senior Living Investments, Inc. – Wrongful Death Act]

1-13.     Plaintiff adopts, realleges, and incorporates by reference the allegations of Paragraphs 1 through 13 of Count V as the allegations of Paragraphs 1-8 of Count VI.

14.     As a direct and proximate result of one or more of the Defendant's statutory violations, HELEN sustained injuries including, but not limited to, an fracture of her left knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or contributed to her death on March 27, 2006.

15.     HELEN GOSKI left surviving her two daughters, Alice J. Jorgensen and Kathryn L. Blau, as her only surviving heirs at law, each of whom sustained substantial pecuniary injuries as a result of her death.

16.     HELEN's next of kin suffered injuries as a result of decedent's death, including the loss of companionship and society.  Further, Decedent's estate was diminished by virtue of the medical and funeral expenses that were incurred.

17.     Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased, demands judgment against each of the Defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING

14

INVESTMENTS, INC., a foreign corporation, in a fair and equitable sum in excess of the

jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00).

## COUNT VII
[Gorski v. Alexian Brothers Medical Center, Individually and d/b/a Older Adult
Healthcare and Older Adult Healthcare – Survival Act]

1.    Plaintiff's decedent, HELEN GORSKI ["HELEN"], was born on January 14,

1918.

2.    On and after October 15, 2004, Defendant ALEXIAN BROTHERS MEDICAL

CENTER ["ABMC"] was a foreign corporation licensed to do and doing business in the State of

Illinois.

3.    On and after October 15, 2004, Defendant AMBC was doing business as and/or

was providing healthcare for older adults, including HELEN, under the assumed name of

OLDER ADULT HEALTHCARE ["OAH"], located at 800 Biesterfield Road, in the Village of

Elk Grove, County of Cook and State of Illinois.

4.    On and after October 15, 2004, Defendant OLDER ADULT HEALTHCARE

["OAH"], located at 800 Biesterfield Road, in the Village of Elk Grove, County of Cook and

State of Illinois was providing health care for polder adults, including HELEN.

5.    On or about October 15, 2004, HELEN became a resident of the assisted living

facility known as Sunrise of Schaumburg, f/k/a/ Sunrise Assisted Living Center ["SUNRISE

ASSISTED LIVING"], located at 790 N. Plum Grove Road, in the Village of Schaumburg,

County of Cook, and State of Illinois.

6.    HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004

through March 27, 2006.

15

7.    Each of the Defendants was aware of HELEN's medical diagnoses and the importance of the proper administration of her medications and the necessity of monitoring the effects of those medications through appropriate blood testing.

8.    Each of the Defendants was aware of HELEN's medical diagnoses and the importance of her receiving sufficient nutrition and hydration.

9.    Each of the Defendants was aware of HELEN's medical diagnoses and the importance of maintaining her electrolyte balance.

10.    On or about September 9, 2005, HELEN was left standing alone by a caregiver at SUNRISE ASSISTED LIVING and fell.

11.    At all a material time, each of the Defendants, acting through their duly authorized agents and/or employees, was under a duty to exercise reasonable care while providing medical care to HELEN.

12.    Each of the Defendants, acting through their duly authorized employees, agents and apparent agents in breach of their duty were guilty of one or more of the following careless and negligent acts or omissions:

(a)    Failed to order that HELEN receive assistance during transfers when they knew she was at high risk for falling due to her arthritis, poor vision, unsteady gait, problems with concentration, periods of confusion, and previous falls;

(b)    Failed to verify that HELEN maintained acceptable parameters of nutritional status such as body weight and protein levels despite knowledge that she was a nutritional risk;

(c)    Ordered that an excessive amount of cathartics and laxatives so as to cause an electrolyte imbalance;

16

(d)    Failed to appropriate treat her diarrhea;

(e)    Failed to verify that HELEN was receiving sufficient fluids to maintain proper electrolyte imbalance; and

(f)    Failed to order frequent laboratory tests to verify that HELEN maintained an appropriate electrolyte balance.

13.    As a direct and proximate result of one or more of each of the Defendant's negligent acts and/or omissions, HELEN sustained injuries including, but not limited to, an fracture of her left knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or contributed to her death on March 27, 2006.

14.    As a direct and proximate result, HELEN suffered injuries of a personal and pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, and conscious pain and suffering; and HELEN would have been entitled to receive compensation from the Defendant for these injuries, had she survived.

15.    Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

16.    ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the provisions of the Illinois Survival Act, 755 ILCS 5/27-6.

17.    ALICE JORGENSEN, Special Representative of the Estate of HELEN GORSKI, Deceased, will file a Physician's Certificate within 90 days after the filing of this complaint, in compliance with 735 ILCS 5/2-622 (a) (2), (Attached hereto as Exhibit "B" is a copy of the attorney's affidavit.)

17

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, demands judgment against Defendant SUNRISE SENIOR LIVING, INC., a foreign corporation, in a fair and equitable sum in excess of the jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00) plus attorneys fees and costs as provided for by Statute.

## COUNT VIII
[Gorski v. Alexian Brothers Medical Center, Individually and d/b/a Older Adult Healthcare and Older Adult Healthcare- Wrongful Death]

1-13.   Plaintiff adopts, realleges, and incorporates by reference the allegations of Paragraphs 1 through 13 of Count VII as the allegations of Paragraphs 1 through 13 of Count VIII.

14.   Plaintiff, ALICE JORGENSEN, was previously appointed as Special Administrator of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

15.   HELEN GOSKI left surviving her two daughters, Alice J. Jorgensen and Kathryn L. Blau, as her only surviving heirs at law, each of whom sustained substantial pecuniary injuries as a result of her death.

16.   HELEN's next of kin suffered injuries as a result of decedent's death, including the loss of companionship and society. Further, Decedent's estate was diminished by virtue of the medical and funeral expenses that were incurred.

17.   Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

18

18.    ALICE JORGENSEN, Special Administrator of the Estate of HELEN GORSKI, Deceased, will file a Physician's Certificate within 90 days after the filing of this complaint, in compliance with 735 ILCS 5/2-622 (a) (2). (Attached hereto as Exhibit "B" is a copy of the attorney's affidavit.)

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased, demands judgment against Defendant SUNRISE SENIOR LIVING, INC., a foreign corporation, in a fair and equitable sum in excess of the jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00).

## COUNT IX
### [Gorski v. Sunrise Third Schaumburg SL, LLC – Survival Act]

1.    Plaintiff's decedent, HELEN GORSKI ["HELEN"], was born on January 14, 1918.

2.    On and after October 15, 2004, Defendant SUNRISE THIRD SCHAUMBURG SL, LLC, ["SUNRISE, SL"], was a foreign corporation licensed to do and doing business in the State of Illinois.

3.    On and after October 15, 2004, Defendant SUNRISE, SL was doing business as Sunrise of Schaumburg, formerly known as Sunrise Assisted Living Center.

4.    During all times relevant to this Complaint, Defendant SUNRISE, SL owned, operated and/or controlled the assisted living facility known as Sunrise of Schaumburg, f/k/a Sunrise Assisted Living Center ["SUNRISE ASSISTED LIVING"], located at 790 N. Plum Grove Road, in the Village of Schaumburg, County of Cook, and State of Illinois

5.    On or about October 15, 2004, HELEN became a resident of the facility that held itself out as providing assisted living for individuals and offering specially designed programs of

19

personalized assisted living services for residents with arthritis, Alzheimer's' Disease, gait disorder, poor vision, hypertension, and degenerative joint disease, including providing physical assistance with ambulation, assistance with activities of daily living such as eating, incontinence care, and the administration of medication.

6.    HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004 through March 27, 2006.

7.    The facility was aware of HELEN's medical diagnoses and the importance of the proper administration of her medications and the necessity of monitoring the effects of those medications through appropriate blood testing.

8.    The facility was aware of HELEN's medical diagnoses and the importance of her receiving sufficient nutrition and hydration.

9.    The facility was aware of HELEN's medical diagnoses and the importance of maintaining her electrolyte balance.

10.    On or about September 9, 2005, HELEN was left standing alone by a caregiver and fell.

11.    At all material times, Defendants SUNRISE, LLC was under a duty to exercise reasonable care while caring for HELEN.

12.    Defendant SUNRISE, SL by and through their employees, agents and apparent agents in breach of their duty were guilty of one or more of the following careless and negligent acts or omissions:

(a)    Failed to provide adequate and properly supervised care as needed by HELEN during transfers when they knew she was at high risk for falling due to her arthritis, poor vision, unsteady gait, problems with

20

concentration, periods of confusion, and previous falls;

(b)     Failed to verify that HELEN maintained acceptable parameters of nutritional status such as body weight and protein levels despite knowledge that she was a nutritional risk;

(c)     Administered an excessive amount of cathartics and laxatives so as to cause an electrolyte imbalance;

(d)     Failed to treat her diarrhea;

(e)     Failed to administer sufficient fluids to maintain proper electrolyte imbalance; and

(f)     Failed to monitor her lab values to verify that HELEN maintained an appropriate electrolyte balance.

13.     As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, HELEN sustained injuries including, but not limited to, an fracture of her left knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or contributed to her death on March 27, 2006.

14.     As a direct and proximate result, HELEN suffered injuries of a personal and pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, and conscious pain and suffering; and HELEN would have been entitled to receive compensation from the Defendant for these injuries, had she survived.

15.     Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

16.     ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the provisions of the Illinois Survival Act, 755 ILCS 5/27-6.

21

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, demands judgment against Defendant SUNRISE THIRD SCHAUMBURG SL, LLC a foreign corporation, in a fair and equitable sum in excess of the jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00) plus attorneys fees and costs as provided for by Statute.

## COUNT X
### [Gorski v. Sunrise Third Schaumburg SL, LLC – Wrongful Death Act]

1-13.    Plaintiff adopts, realleges, and incorporates by reference the allegations of Paragraphs 1 through 13 of Count IX as the allegations of Paragraphs 1 through 13 of Count X.

14.    Plaintiff, ALICE JORGENSEN, was previously appointed as Special Administrator of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

15.    HELEN GOSKI left surviving her two daughters, Alice J. Jorgensen and Kathryn L. Blau, as her only surviving heirs at law, each of whom sustained substantial pecuniary injuries as a result of her death.

16.    HELEN's next of kin suffered injuries as a result of decedent's death, including the loss of companionship and society. Further, Decedent's estate was diminished by virtue of the medical and funeral expenses that were incurred.

17.    Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq*.

22

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased, demands judgment against Defendant **Sunrise Third Schaumburg SL, LLC**, a foreign corporation, in a fair and equitable sum in excess of the jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00).

## COUNT XI
**[Gorski v. Sunrise Third (Pool I) LLC; Sunrise Third (Pool II), LLC; and Sunrise Third (Pool III), LLC – Survival Act]**

1.      Plaintiff's decedent, HELEN GORSKI ["HELEN"], was born on January 14, 1918.

2.      On and after October 15, 2004, each of the Defendants, Sunrise Third (Pool I), Sunrise Third (Pool II) and Sunrise Third (Pool III) ["SUNRISE POOL"], was a foreign corporation licensed to do and doing business in the State of Illinois.

3.      On and after October 15, 2004, one or more of the Defendants, SUNRISE POOL, was doing business as Sunrise of Schaumburg, formerly known as Sunrise Assisted Living Center.

4.      During all times relevant to this Complaint, one or more of the Defendants, SUNRISE POOL, owned, operated and/or controlled the assisted living facility known as Sunrise of Schaumburg, f/k/a/ Sunrise Assisted Living Center ["SUNRISE ASSISTED LIVING"], located at 790 N. Plum Grove Road, in the Village of Schaumburg, County of Cook, and State of Illinois

5.      On or about October 15, 2004, HELEN became a resident of the facility that held itself out as providing assisted living for individuals and offering specially designed programs of personalized assisted living services for residents with arthritis, Alzheimer's' Disease, gait

23

disorder, poor vision, hypertension, and degenerative joint disease, including providing physical

assistance with ambulation, assistance with activities of daily living such as eating, incontinence

care, and the administration of medication.

6.   HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004

through March 27, 2006.

7.   The facility was aware of HELEN's medical diagnoses and the importance of the

proper administration of her medications and the necessity of monitoring the effects of those

medications through appropriate blood testing.

8.   The facility was aware of HELEN's medical diagnoses and the importance of her

receiving sufficient nutrition and hydration.

9.   The facility was aware of HELEN's medical diagnoses and the importance of

maintaining her electrolyte balance.

10.   On or about September 9, 2005, HELEN was left standing alone by a caregiver

and fell.

11.   At all material times, each of the Defendants SUNRISE POOL was under a duty

to exercise reasonable care while caring for HELEN.

12.   Each of the Defendants SUNRISE POOL, by and through their employees, agents

and apparent agents, in breach of their duty was guilty of one or more of the following careless

and negligent acts or omissions:

> (a)   Failed to provide adequate and properly supervised
> care as needed by HELEN during transfers when they
> knew she was at high risk for falling due to her
> arthritis, poor vision, unsteady gait, problems with
> concentration, periods of confusion, and previous
> falls;

24

(b)    Failed to verify that HELEN maintained acceptable parameters of nutritional status such as body weight and protein levels despite knowledge that she was a nutritional risk;

(c)    Administered an excessive amount of cathartics and laxatives so as to cause an electrolyte imbalance;

(d)    Failed to treat her diarrhea;

(e)    Failed to administer sufficient fluids to maintain proper electrolyte imbalance; and

(f)    Failed to monitor her lab values to verify that HELEN maintained an appropriate electrolyte balance.

13.    As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, HELEN sustained injuries including, but not limited to, an fracture of her left knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or contributed to her death on March 27, 2006.

14.    As a direct and proximate result, HELEN suffered injuries of a personal and pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, and conscious pain and suffering; and HELEN would have been entitled to receive compensation from the Defendant for these injuries, had she survived.

15.    Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

16.    ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the provisions of the Illinois Survival Act, 755 ILCS 5/27-6.

25

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, demands judgment against each of the Defendants, SUNRISE THIRD (Pool I), LLC; SUNRISE THIRD (Pool II), LLC; and SUNRISE THIRD (Pool III), LLC, each being a foreign corporation, in a fair and equitable sum in excess of the jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00) plus attorneys fees and costs as provided for by Statute.

### COUNT XII
**[Gorski v. Sunrise Third (Pool I) LLC; Sunrise Third (Pool II), LLC; and Sunrise Third (Pool III), LLC – Wrongful Death Act]**

1-13.    Plaintiff adopts, realleges, and incorporates by reference the allegations of Paragraphs 1 through 13 of Count XI as the allegations of Paragraphs 1 through 13 of Count XII.

14.    Plaintiff, ALICE JORGENSEN, was previously appointed as Special Administrator of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

15.    HELEN GOSKI left surviving her two daughters, Alice J. Jorgensen and Kathryn L. Blau, as her only surviving heirs at law, each of whom sustained substantial pecuniary injuries as a result of her death.

16.    HELEN's next of kin suffered injuries as a result of decedent's death, including the loss of companionship and society.  Further, Decedent's estate was diminished by virtue of the medical and funeral expenses that were incurred.

17.    Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq*.

26

WHEREFORE, the Plaintiff, ALICE JORGENSEN, as Special Administrator of the Estate of HELEN GORSKI, Deceased, demands judgment against each of the Defendants, SUNRISE THIRD (POOL I), LLC; SUNRISE THIRD (POOL II), LLC; and SUNRISE THIRD (POOL III), LLC, each being a foreign corporation, in a fair and equitable sum in excess of the jurisdictional amount of THIRTY THOUSAND DOLLARS ($30,000.00).

## COUNT XIII
### [Respondents in Discovery – Sader Mohsin, M.D and Bhupinder Chhabra, M.D.] ]

1.     Plaintiff's decedent, HELEN GORSKI ["HELEN"], was born on January 14, 1918.

2.     During all times relevant to this complaint, HELEN was a resident of Sunrise of Schaumburg, f/k/a Sunrise Assisted Living Center ["SUNRISE ASSISTED LIVING"], located at 790 N. Plum Grove Road, in the Village of Schaumburg, County of Cook, and State of Illinois

3.     HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004 through March 27, 2006.

4.     During all times relevant to this complaint, the Respondents in Discovery, SADER MOHSIN, M.D. and BHUPINDER CHHABRA, M.D., were the attending physicians for HELEN and each is aware of information relevant to the facts alleged in Counts I through VII, and are being named as Respondents in Discovery so that they may be requested to respond pursuant to 735 ILCS 5/2-402.

5.     Plaintiff will be forwarding, Interrogatories and Request for Production to be answered by the Respondent in Discovery and a Notice of Deposition for the Respondent in Discovery to give oral testimony in connection with this matter.

27

WHEREFORE, the Plaintiff, ALICE JORGENSEN, As Special Representative and as Special Administrator of the Estate of HELEN GORSKI, Deceased, requests each of the Respondents in Discovery, SADER MOHSIN, M.D. and BHUPINDER CHHABRA, M.D., to respond to discovery initiated pursuant to the provisions of the applicable Illinois Statutes.

Respectfully submitted,

LEVIN & PERCONTI
Attorneys for Plaintiff

By
Jeffrey E. Martin

Firm Code 55019
JEFFREY E. MARTIN
LEVIN & PERCONTI
134 N. LaSalle Street
Suite 314
Chicago, IL 60602
312.332.2872
312.332.3112 FAX

Firm Code No. 55019

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ALICE     JORGENSEN,     As     Special
Representative and as Special Administrator
of the Estate of HELEN GORSKI, Deceased,

                          Plaintiff,

        v.

SUNRISE SENIOR LIVING, INC., a
foreign corporation, d/b/a SUNRISE OF
SCHAUMBURG, f/k/a SUNRISE
ASSISTED LIVING CENTER; SUNRISE
SCHAUMBURG ASSISTED LIVING,
L.L.C.; SUNRISE SENIOR LIVING
MANAGEMENT, INC., a foreign
corporation, f/k/a SUNRISE ASSISTED
LIVING MANAGEMENT, INC.;
SUNRISE SENIOR LIVING
INVESTMENTS, INC., a foreign
corporation; ALEXIAN BROTHERS
MEDICAL CENTER, Individually and
d/b/a OLDER ADULT HEALTHCARE;
OLDER ADULT HEALTHCARE;
SUNRISE THIRD SCHAUMBURG SL,
LLC; SUNRISE THIRD (Pool I), LLC;
SUNRISE THIRD (Pool II), LLC; and
SUNRISE THIRD (Pool III), LLC,

                      Defendants.

and

SADER MOHSIN, M.D and BHUPINDER
CHHABRA, M.D.,

                Respondents in Discovery.

COURT NO.

## <u>O R D E R</u>



THIS MATTER COMING before this Court to Petition to appoint a Special

Administrator of the Estate of HELEN GORSKI, and it being represented that ALICE

JORGENSEN is legally competent to act as Administrator as required by 740 ILCS 180/2.1:

IT IS HEREBY ORDERED that ALICE JORGENSEN is appointed
Special Administrator of the Estate of HELEN GORSKI, Deceased, for the
purpose of prosecuting causes of action under the Illinois Wrongful Death Act
740 ILCS 180/1 et seq., and the Illinois Survival Act, 755 ILCS 5/27.6.

...................,20.........................................
ENTER:

....................................................................
Judge    Judge's Name

**ENTERED**
JUDGE WILLIAM D. MADDUX-1559

SEP 07 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

LEVIN & PERCONTI (#55019)
134 N. LaSalle Street, Suite 314
Chicago, Illinois 60602
(312) 332-2872
ATTORNEY FOR PLAINTIFF

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

Firm Code No. 55019

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

ALICE     JORGENSEN,     As     Special
Representative and as Special Administrator
of the Estate of HELEN GORSKI, Deceased,

                          Plaintiff,

        v.

SUNRISE SENIOR LIVING, INC., a
foreign corporation, d/b/a SUNRISE OF
SCHAUMBURG, f/k/a SUNRISE
ASSISTED LIVING CENTER; SUNRISE
SCHAUMBURG ASSISTED LIVING,
L.L.C.; SUNRISE SENIOR LIVING
MANAGEMENT, INC., a foreign
corporation, f/k/a SUNRISE ASSISTED
LIVING MANAGEMENT, INC.;
SUNRISE SENIOR LIVING
INVESTMENTS, INC., a foreign
corporation; ALEXIAN BROTHERS
MEDICAL CENTER, Individually and
d/b/a OLDER ADULT HEALTHCARE;
OLDER ADULT HEALTHCARE;
SUNRISE THIRD SCHAUMBURG SL,
LLC; SUNRISE THIRD (Pool I), LLC;
SUNRISE THIRD (Pool II), LLC; and
SUNRISE THIRD (Pool III), LLC,

                          Defendants.

   and

SADER MOHSIN, M.D and BHUPINDER
CHHABRA, M.D.,

           Respondents in Discovery.

COURT NO.

---

### AFFIDAVIT OF JEFFREY E. MARTIN

    I, JEFFREY E. MARTIN, being first duly sworn, on oath, depose and state that:

1



1.    I am an attorney licensed to practice law in the State of Illinois and that I am the attorney of record for the plaintiff in this action.

2.    That the statute of limitations for some or all allegations of negligence in this cause of action might or could expire as early as September 9, 2007.

3.    That the affiant was unable to obtain a consultation, required by 735 ILCS 5/2-622 (a) (2), because the expiration of the statute of limitations may impair the action and the consultation required could not be obtained before the potential expiration of the statute of limitations. The affiant is arranging for such a consultation and will provide the requisite affidavit within ninety (90) days.

4.    That based upon the information provided to me by my client and a review of the medical records, I believe that a meritorious cause exists for filing the above action to toll the statute of limitations while the records are being reviewed by an expert.

Further your Affiant sayeth not.

Respectfully submitted,
LEVIN & PERCONTI

BY: _____
JEFFREY E. MARTIN

SUBSCRIBED AND SWORN TO before me
this 10th day of September, 2007.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
DEBORAH R. MOENCH
Notary Public, State of Illinois
My Commission Expires 1/12/09

LEVIN & PERCONTI
325 N. LaSalle Street, Suite 450
Chicago, IL 60610
(312) 332-2872

2120-Served                           2121-Served
2220-Not Served                       2221-Not Served
2320-Served By Mail                   2321-Served By Mail
2420-Served By Publication            2421-Served By Publication
           **SUMMONS**        **ALIAS - SUMMONS**    2-81CCG-1
                                          Firm Code No. 55019

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ALICE     JORGENSEN,    As    Special
Representative and as Special Administrator
of the Estate of HELEN GORSKI, Deceased,

                          Plaintiff,
                                              COURT NO.   07 L 009434
              v.

SUNRISE SENIOR LIVING, INC., a
foreign corporation, d/b/a SUNRISE OF
SCHAUMBURG, f/k/a SUNRISE
ASSISTED LIVING CENTER; SUNRISE
SCHAUMBURG ASSISTED LIVING,
L.L.C.; SUNRISE SENIOR LIVING
MANAGEMENT, INC., a foreign
corporation, f/k/a SUNRISE ASSISTED
LIVING MANAGEMENT, INC.;
SUNRISE SENIOR LIVING
INVESTMENTS, INC., a foreign
corporation; ALEXIAN BROTHERS
MEDICAL CENTER, Individually and
d/b/a OLDER ADULT HEALTHCARE;
OLDER ADULT HEALTHCARE;
SUNRISE THIRD SCHAUMBURG SL,
LLC; SUNRISE THIRD (Pool I), LLC;
SUNRISE THIRD (Pool II), LLC; and
SUNRISE THIRD (Pool III), LLC,

                          Defendants.


       and

SADER MOHSIN, M.D and BHUPINDER
CHHABRA, M.D.,

              Respondents in Discovery.


## S U M M O N S

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room * 801, Chicago, Illinois 60602), within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

**To the Officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so indorsed. This Summons may not be served later than 30 days after its date.

OCT 04 2007

WITNESS........................., 20......

........................................
Clerk of Court

Atty.No. : 55019
Name     : Levin & Perconti
Atty. For: Plaintiff                    Date of Service:.............20.....
Address  : 134 N. LaSalle, Ste. 314   (To be inserted by officer on copy
City      : Chicago, Illinois  60602   left with defendant or other
Telephone: (312) 332-2872              person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## SERVICE LIST

### SHERIFF OF COOK COUNTY PLEASE SERVE:

Sunrise Third (Pool I), LLC
CT Corporation System
208 So LaSalle Street, Suite 814
Chicago, IL 60604

Sunrise Third (Pool II), LLC
CT Corporation System
208 So LaSalle Street, Suite 814
Chicago, IL 60604

Sunrise Third (Pool III), LLC
CT Corporation System
208 So LaSalle Street, Suite 814
Chicago, IL 60604

Sunrise Third Schaumburg SL, LLC
CT Corporation System
208 So LaSalle Street, Suite 814
Chicago, IL 60604

Mohsin Safder, M.D.
1786 Moonlake Blvd., Suite 201
Hoffman Estates, IL 60169

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process Transmittal**
10/09/2007
CT Log Number 512667879

TO: Kim Wilburn
Sunrise Senior Living, Inc.
7902 Westpark Drive
McLean, VA 22102

RE: **Process Served in Illinois**

FOR: Sunrise Third (Pool III), LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Alice Jorgensen, as Special Representative and as Special Administrator of the Estate of Helen Gorski, Deceased, Pltf. vs. Sunrise Senior Living, Inc., etc., et al. including Sunrise Third (Pool III), LLC, Dfts. |
| DOCUMENT(S) SERVED: | Summons (2 sets), Complaint, Order, Exhibits, Service List (2 sets) |
| COURT/AGENCY: | Cook County Circuit Court - Cook County Department - Law Division, IL Case # 07L009434 |
| NATURE OF ACTION: | Medical Injury - Improper Care and Treatment - Sunrise of Schaumburg - 790 N. Plum Grove Road, Schaumburg IL - Wrongful Death - Negligent Acts or Omission by employees and agents - 03/27/06 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Chicago, IL |
| DATE AND HOUR OF SERVICE: | By Process Server on 10/09/2007 at 11:00 |
| APPEARANCE OR ANSWER DUE: | Within 30 days, not counting the day of service |
| ATTORNEY(S) / SENDER(S): | Jeffrey E. Martin Levin & Perconti 134 N. LaSalle Street Suite 314 Chicago, IL 60602 312-332-2872 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day , 790846852776 Image SOP - Page(s): 39 Email Notification, Kim Wilburn kimberly.wilburn@sunriseseniorliving.com Email Notification, Teresa Rawson teresa.rawson@sunriseseniorliving.com Email Notification, Michael Stein michael.stein@sunriseseniorliving.com |
| SIGNED: | C T Corporation System |
| PER: | Tawana Carter |
| ADDRESS: | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| TELEPHONE: | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

263.061246

TED/sxf

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ALICE JORGENSEN, as Special Representative )
and as Special Administrator of the Estate of )
HELEN GORSKI, Deceased, )
                                      )
                     Plaintiff, )
v. )            Civil Action No.
                                        ) Circuit Court of Cook County
SUNRISE SENIOR LIVING, INC., a foreign )    07 L 9434
corporation, d/b/a SUNRISE OF SCHAUMBURG, )
f/k/a SUNRISE ASSISTED LIVING CENTER; )
SUNRISE SCHAUMBURG ASSISTED LIVING, LLC; )
SUNRISE SENIOR LIVING MANAGEMENT, INC., )
a foreign corporation, f/k/a SUNRISE ASSISTED )
LIVING MANAGEMENT, INC.; SUNRISE SENIOR )
LIVING INVESTMENTS, INC., a foreign corporation; )
ALEXIAN BROTHERS MEDICAL CENTER, )
individually and d/b/a OLDER ADULT HEALTHCARE; )
OLDER ADULT HEALTHCARE; SUNRISE THIRD )
SCHAUMBURG SL, LLC; SUNRISE THIRD (Pool I), )
LLC; SUNRISE THIRD (Pool II), LLC; SUNRISE )
THIRD (Pool III), LLC, )

**KC** F I L E D

NOV 0 8 2007
NOV 08 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

                     Defendants.

07CV6353
JUDGE GOTTSCHALL
MAGISTRATE JUDGE DENLOW

## NOTICE OF FILING

TO:   Mr. Jeffrey E. Martin, Levin & Perconti, 134 North LaSalle Street, Suite 314, Chicago, IL
      60602

PLEASE TAKE NOTICE that on the ___8___ day of __November__ , 2007, we have filed with the
United States District Court for the Northern District of Illinois, Eastern Division, *Defendants'*
*Notice of Removal, Appearance, Answer* and *Request to Admit*, copies of which are hereby
served upon you.

                    Respectfully submitted,

                    PRETZEL & STOUFFER, CHARTERED
                    One S. Wacker Drive
                    Suite 2500
                    Chicago, IL 60606
                    Telephone:   (312) 578-7489
                    Fax:          (312) 346-8242
                    Dmills@pretzel-stouffer.com
                    *Attorney for Defendants*

## PROOF OF SERVICE BY MAIL

The undersigned on oath affirm that the above-listed attorney of record has been provided a copy of the Notice of Filing by enclosing a copy of same in an envelope, sealed, postage prepaid, and depositing same in the United States Mail Chute at One South Wacker Drive, Chicago, Illinois 60606-4673, on the _____ day of _____, 2007.

_____
Signature

SUBSCRIBED and SWORN to
before me this _____ day of
November, 2007.

_____
NOTARY PUBLIC

OFFICIAL SEAL
GWEN HOLST
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-12-2011