263.061246                           TED/sxf

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALICE JORGENSEN, as Special Representative )
and as Special Administrator of the Estate of )
HELEN GORSKI, Deceased, )
)
Plaintiff, )
)
v. )                      Civil Action No.
)                      Circuit Court of Cook County
SUNRISE SENIOR LIVING, INC., a foreign )          07 L 9434
corporation, d/b/a SUNRISE OF SCHAUMBURG, )
f/k/a SUNRISE ASSISTED LIVING CENTER; )
SUNRISE SCHAUMBURG ASSISTED LIVING, LLC; )
SUNRISE SENIOR LIVING MANAGEMENT, INC., )
a foreign corporation, f/k/a SUNRISE ASSISTED LIVING )      **JURY DEMAND**
MANAGEMENT, INC.; SUNRISE SENIOR LIVING )
INVESTMENTS, INC., a foreign corporation; ALEXIAN )
BROTHERS MEDICAL CENTER, individually and d/b/a )
OLDER ADULT HEALTHCARE; OLDER ADULT )
HEALTHCARE; SUNRISE THIRD SCHAUMBURG )
SL, LLC; SUNRISE THIRD (Pool I);  SUNRISE THIRD )
(Pool II);  SUNRISE THIRD (Pool III), )
)
Defendants. )

## ANSWER TO COMPLAINT

**NOW COME,** the Defendants, SUNRISE SENIOR LIVING, INC., SUNRISE

SCHAUMBURG ASSISTED LIVING, LLC, SUNRISE MANAGEMENT, INC., f/k/a SUNRISE

ASSISTED LIVING MANAGEMENT, SUNRISE SENIOR LIVING INVESTMENTS, INC.,

SUNRISE THIRD SCHAUMBURG SL, LLC, SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool

II), and SUNRISE THIRD (Pool III), by and through their attorneys, PRETZEL & STOUFFER,

CHARTERED, and for their answers to Plaintiffs' Complaint at Law, states as follows:

KC **FILED**

NOV 0 8 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07CV6353
JUDGE GOTTSCHALL
MAGISTRATE JUDGE DENLOW

## COUNT I
### [Gorski v. Sunrise Senior Living, Inc., d/b/a Sunrise of Schaumburg, f/k/a Sunrise Assisted Living Center–Survival Act]

1.     Plaintiff's decedent, HELEN GORSKI ["HELEN"], was born on January 14, 1918.

**ANSWER:**    Defendant, SUNRISE SENIOR LIVING, INC., is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Count I,

Paragraph 1 of the Plaintiff's Compliant at Law.

2.     On or after October 15, 2004, Defendant SUNRISE SENIOR LIVING, INC.,

[SUNRISE, INC."] was a foreign corporation licensed to do and doing business in the State of

Illinois.

**ANSWER:**    Defendant, SUNRISE SENIOR LIVING, INC., admits that as of October 15, 2004,

it was and is a Delaware corporation, registered and licensed to do business in the

State of Illinois. Defendant, SUNRISE SENIOR LIVING, INC., admits that as of

October 15, 2004, it was doing business in the State of Illinois.

3.     On and after October 15, 2004, Defendant SUNRISE, INC., was doing business as

Sunrise of Schaumburg, formerly known as Sunrise Assisted Living Center.

**ANSWER:**    Defendant SUNRISE SENIOR LIVING, INC., denies all allegations of paragraph 3,

Count I.

4.     During all times relevant to this Complaint, Defendant SUNRISE, INC., owned,

operated and/or controlled the assisted living facility known as Sunrise of Schaumburg, f/k/a Sunrise

Assisted Living Center ["SUNRISE ASSISTED LIVING"], located at 790 N. Plum Grove Road, in

the Village of Schaumburg, County of Cook, and State of Illinois.

2

**ANSWER:**    Defendant SUNRISE SENIOR LIVING, INC., denies all allegations of paragraph 4, Count I.

5.    On or about October 15, 2004, HELEN became a resident of the facility that held itself out as providing assisted living for individuals and offering specially designed programs of personalized assisted living services for residents with arthritis, Alzheimer's Disease, gait disorder, poor vision, hypertension, and degenerative joint disease, including providing physical assistance with ambulation, assistance with activities of daily living such as eating, incontinence care, and the administration of medication.

**ANSWER:**    Defendant SUNRISE SENIOR LIVING, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, Count I.

6.    HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004 through March 27, 2006.

**ANSWER:**    Defendant SUNRISE SENIOR LIVING, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, Count I.

7.    The facility was aware of HELEN's medical diagnoses and the importance of the proper administration of her medications and the necessity of monitoring the effects of those medications through appropriate blood testing.

**ANSWER:**    Defendant SUNRISE SENIOR LIVING, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, Count I.

3

8.      The facility was aware of HELEN's medical diagnoses and the importance of her receiving sufficient nutrition and hydration.

**ANSWER:**      Defendant SUNRISE SENIOR LIVING, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, Count I.

9.      The facility was aware of HELEN's medical diagnoses and the importance of maintaining her electrolyte balance.

**ANSWER:**      Defendant SUNRISE SENIOR LIVING, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, Count I.

10.      On or about September 9, 2005, HELEN was left standing alone by a caregiver and fell.

**ANSWER:**      Defendant SUNRISE SENIOR LIVING, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, Count I.

11.      At all medical times, Defendants, SUNRISE, INC., was under a duty to exercise reasonable care while caring for HELEN.

**ANSWER:**      Defendant SUNRISE SENIOR LIVING, INC., states affirmatively that it followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendant denies all remaining allegations of paragraph 11, Count I.

4

12.     Defendant, SUNRISE, INC., by and through their employees, agents and apparent agents in breach of their duty were guilty of one or more of the following careless and negligent acts or omissions:

a)      Failed to provide adequate and properly supervised care as needed by HELEN during transfers when they knew she was at high risk for falling due to her arthritis, poor vision, unsteady gait, problems with concentration, periods of confusion and previous falls;

b)      Failed to verify that HELEN maintained acceptable parameters of nutritional status such as body weight and protein levels despite knowledge that she was a nutritional risk;

c)      Administered an excessive amount of cathartics and laxatives so as to cause an electrolyte imbalance;

d)      Failed to treat her diarrhea;

e)      Failed to administer sufficient fluids to maintain proper electrolyte imbalance; and

f)      Failed to monitor her lab values to verify that HELEN maintained an appropriate electrolyte balance.

**ANSWER:**     Defendant SUNRISE SENIOR LIVING, INC., denies all allegations of paragraph 12, (a-f) inclusive, of Count I.

13.     As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, HELEN sustained injuries including, but not limited to, an fracture or her left knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or contributed to her death on March 27, 2006.

**ANSWER:**     Defendant SUNRISE SENIOR LIVING, INC., denies all allegations of paragraph 13, Count I.

14.     As a direct and proximate result, HELEN suffered injuries of a personal and pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, and conscious pain and suffering; and HELEN would have been entitled to receive compensation from the Defendant for these injuries, had she survived.

**ANSWER:**     Defendant SUNRISE SENIOR LIVING, INC., denies all allegations of paragraph 13, Count I.

15.     Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

**ANSWER:**     Defendant SUNRISE SENIOR LIVING, INC., admits that ALICE JORGENSEN was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent.

16.     ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the provisions of the Illinois Survival Act, 755 ILCS 5/27-6.

**ANSWER:**     Defendant SUNRISE SENIOR LIVING, INC., only admits that the Illinois Survival Act, 755 ILCS 5/27-6, exists and denies all remaining allegations of paragraph 16, Count I.

**WHEREFORE**, Defendant SUNRISE SENIOR LIVING, INC., states that the plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT II

**[Gorski v. Sunrise Senior Living, Inc., d/b/a Sunrise of Schaumburg, f/k/a Sunrise Assisted**

**Living Center-Wrongful Death Act]**

1-13.    Plaintiff adopts, realleges, and incorporates by reference the allegations of Paragraphs

1 through 13 of Count I as the allegations of Paragraphs 1 through 13 of Count II.

**ANSWER:**    Defendant, SUNRISE SENIOR LIVING, INC., adopts, restates and incorporates by

reference its answers of Paragraphs 1 through 13 of Count I as the answers of

Paragraphs 1 through 13 of Count II.

14.    Plaintiff, ALICE JORGENSEN, was previously appointed as Special Administrator

of the Estate of HELEN GORSKI, Decedent.  See Order of Appointment attached as Exhibit "A").

**ANSWER:**    Defendant SUNRISE SENIOR LIVING, INC., admits that ALICE JORGENSEN

was previously appointed as Special Representative of the Estate of HELEN

GORSKI, Decedent.

15.    HELEN GORSKI, left surviving her two daughters, Alice J. Jorgensen and Kathryn

L. Blau, as her only surviving heirs at law, each of whom sustained substantial pecuniary injuries as

a result of her death.

**ANSWER:**    Defendant, SUNRISE SENIOR LIVING, INC., is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Count II,

Paragraph 15 of the Plaintiff's Compliant at Law.

16.    HELEN's next of kin suffered injuries as a result of decedent's death, including the

loss of companionship and society.  Further, Decedent's estate was diminished by virtue of the

medical and funeral expenses that were incurred.

7

**ANSWER:**   Defendant, SUNRISE SENIOR LIVING, INC., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count I, Paragraph 1 of the Plaintiff's Compliant at Law.

17.   ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*

**ANSWER:**   Defendant SUNRISE SENIOR LIVING, INC., only admits that the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, exists and denies all remaining allegations of paragraph 17, Count II.

**WHEREFORE,** Defendant SUNRISE SENIOR LIVING, INC., states that the plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT III

### [Gorski v. Sunrise Schaumburg Assisted Living, L.L.C.-Survival Act]

1.   Plaintiff's decedent, HELEN GORSKI, ["HELEN"], was born on January 14, 1918.

**ANSWER:**   Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count III, Paragraph 1 of the Plaintiff's Compliant at Law.

2.   On and after October 15, 2004, Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, L.L.C., [SUNRISE, LLC"], was a foreign corporation licensed to do and doing business in the State of Illinois.

8

**ANSWER:**   Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, states affirmatively that it was an Illinois limited liability company, which has since voluntarily dissolved, and its sole member was Sunrise Senior Living Investments, Inc., a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia. Defendant denies all remaining allegations of Count III, paragraph 2.

3.   On and after October 15, 2004, Defendant, SUNRISE, LLC was doing business as Sunrise of Schaumburg, and was formerly known as Sunrise Assisted Living Center.

**ANSWER:**   Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, denies all allegations of Count III, paragraph 3.

4.   During all times relevant to this Complaint, Defendant SUNRISE, LLC, owned, operated, and/or controlled the assisted living facility known as Sunrise of Schaumburg, f/k/a, Sunrise Assisted Living Center ["SUNRISE ASSISTED LIVING"], located at 790 Plum Grove Road, in the Village of Schaumburg, County of Cook, and State of Illinois.

**ANSWER:**   Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, denies all allegations of Count III, paragraph 4.

5.   HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004 through March 27, 2006.

**ANSWER:**   Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count III, paragraph 5.

9

6.    The facility was aware of HELEN's medical diagnoses and the importance of the proper administration of her medications and the necessity of monitoring the effects of those medications through appropriate blood testing.

**ANSWER:**    Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count III, paragraph 6.

7.    The facility was aware of HELEN's medical diagnoses and the importance of her receiving sufficient nutrition and hydration.

**ANSWER:**    Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count III, paragraph 7.

8.    The facility was aware of HELEN's medical diagnoses and the importance of her maintaining her electrolyte balance.

**ANSWER:**    Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count III, paragraph 8.

9.    On or about September 9, 2005, HELEN was left standing alone by a caregiver and fell.

**ANSWER:**    Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count III, paragraph 9.

10.    At all material times, Defendants SUNRISE, INC. was under a duty to exercise reasonable care while caring for HELEN.

**ANSWER:**    Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, states affirmatively that it followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendant denies all remaining allegations of Count III, paragraph 10.

11.    Defendant, SUNRISE, INC., by and through their employees, agents and apparent agents in breach of their duty were guilty of one or more of the following careless and negligent acts of omissions:

a)    Failed to provide adequate and properly supervised care as needed by HELEN during transfers when they knew she was at high risk for falling due to her arthritis, poor vision, unsteady gait, problems with concentration, periods of confusion and previous falls;

b)    Failed to verify that HELEN maintained acceptable parameters of nutritional status such as body weight and protein levels despite knowledge that she was a nutritional risk;

c)    Administered an excessive amount of cathartics and laxatives so as to cause an electrolyte imbalance;

d)    Failed to treat her diarrhea;

e)    Failed to administer sufficient fluids to maintain proper electrolyte imbalance; and

f)    Failed to monitor her lab values to verify that HELEN maintained an appropriate electrolyte balance.

**ANSWER:**    Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, denies all allegations of Count III, paragraph 11, (a-f) inclusive.

12.     As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, HELEN sustained injuries including, but not limited to, and fracture of her left knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or contributed to her death on March 27, 2006.

**ANSWER:**     Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, denies all allegations of Count III, paragraph 12.

13.     As a direct and proximate result, HELEN suffered injuries of a personal and pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, and conscious pain and suffering; and HELEN would have been entitled to receive compensation from the Defendant for these injuries, had she survived.

**ANSWER:**     Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, denies all allegations of Count III, paragraph 13.

14.     Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

**ANSWER:**     Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, admits that Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent.

15.     ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Deceased, bring this action pursuant to the provisions of the Illinois Survival Act, 755 ILCS 5/27-6.

**ANSWER:**     Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, admits that the Illinois Survival Act, 755 ILCS 5/27-6 exists, and denies all remaining allegations of Count III, paragraph 15.

12

**WHEREFORE**, Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, states that the plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

**COUNT IV**

**[Gorski v. Sunrise Schaumburg Assisted Living, L.L.C.-Wrongful Death]**

1-12.   Plaintiff adopts, realleges, and incorporates by reference the allegations of Paragraphs 1 through 12 of Count III as the allegations of Paragraphs 1 through 12 of Count IV.

**ANSWER:**    Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, adopts, restates and incorporates by reference its answers of Paragraphs 1 through 12 of Count III as the answers for Paragraphs 1 through 12 of Count IV.

13.   Plaintiff, ALICE JORGENSEN, was previously appointed as Special Administrator of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

**ANSWER:**    Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, admits that Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent.

14.   HELEN GORSKI, left surviving her two daughters, Alice J. Jorgensen and Kathryn L. Blau, as her only surviving heirs at law, each of whom sustained substantial pecuniary injuries as a result of her death.

**ANSWER:**    Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in  Count IV, paragraph 14.

13

15.   HELEN's next of kin suffered injuries as a result of decedent's death, including the loss of companionship and society. Further, Decedent's estate was diminished by virtue of the medical and funeral expenses that were incurred.

**ANSWER:**   Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IV, Paragraph 15.

16.   ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Decreased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*

**ANSWER:**   Defendant SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, only admits that the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, exists and denies all remaining allegations of paragraph 16, Count IV.

**WHEREFORE**, Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, states that the plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT V

### [Gorski v. Sunrise Senior Living Management, Inc. and

### Sunrise Senior Living Investments, Inc.-Survival Act]

1.   Plaintiff's decedent, HELEN GORSKI ["HELEN"], was born on January 14, 1918.

**ANSWER:**   Defendant,  SUNRISE SENIOR LIVING MANAGEMENT, INC., admits that Plaintiff's decedent, HELEN GORSKI, was born on January 14, 1918.

14

2.    On and after October 15, 2004, Defendant, SUNRISE SENIOR LIVING
MANAGEMENT, INC., f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC., ["SUNRISE
MANAGEMENT, INC.,"], was foreign corporation licensed to do and doing business in the State
of Illinois.

**ANSWER:**    Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., admits that on and
after October 15, 2004, it was foreign corporation licensed to do and doing business
in the State of Illinois.

3.    On and after October 15, 2004, Defendant SUNRISE SENIOR LIVING
INVESTMENTS, INC. ["SUNRISE LIVING INVESTMENTS"], was a foreign corporation licensed
to do and doing business in the State of Illinois.

**ANSWER:**    Defendant SUNRISE SENIOR LIVING INVESTMENTS, INC., admits that on and
after October 15, 2004, it was foreign corporation licensed to do and doing business
in the State of Illinois.

4.    At all materials times, one of more of the Defendants, SUNRISE MANAGEMENT,
INC., f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC., and SUNRISE LIVING
INVESTMENTS, owned, operated, controlled and/or managed the assisted living facility known as
Sunrise of Schaumburg, f/k/a Sunrise Assisted Living Center ["SUNRISE ASSISTED LIVING"],
located at 790 N. Plum Grove Road, in the Village of Schaumburg, County of Cook, and State of
Illinois.

**ANSWER:**    Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that
at the material times, it managed the assisted living facility known as Sunrise of
Schaumburg, located at 790 N. Plum Grove Road, in the Village of Schaumburg,

15

County of Cook, and State of Illinois. Defendants SUNRISE SENIOR LIVING

MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC.,

deny all remaining allegations in Count V, paragraph 4.

5.      As the management companies, owners and/or operators of SUNRISE ASSISTED

LIVING, the Defendants, SUNRISE MANAGEMENT, INC., f/k/a SUNRISE ASSISTED LIVING

MANAGEMENT, INC., and SUNRISE LIVING INVESTMENTS, exercised significant control

over the day to day operations of the nursing home's business, including but not limited to, budgetary

decisions, hiring and firing, staffing the facility, training the staff, contracting for services with

consultants, managing the finances of the facility, monitoring the quality of care by nursing and

physicians to residents of facility, and providing financial resources for nursing and medical supplies.

**ANSWER:**    Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that

it managed the assisted living facility known as Sunrise of Schaumburg, located at

790 N. Plum Grove Road, in the Village of Schaumburg, County of Cook, and State

of Illinois. Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and

SUNRISE SENIOR LIVING INVESTMENTS, INC., deny all remaining allegations

in Count V, paragraph 5.

6.      HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004

through March 27, 2006.

**ANSWER:**    Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that

HELEN GORSKI was a resident of Sunrise of Schaumburg. Defendants SUNRISE

SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING

INVESTMENTS, INC., deny all remaining allegations in Count V, paragraph 6.

16

7. The facility was aware of HELEN's medical diagnoses and the importance of the proper administration of her medications and the necessity of monitoring the effects of those medications through appropriate blood testing.

**ANSWER:** Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny all remaining allegations in Count V, paragraph 7.

8. The facility was aware of HELEN's medical diagnoses and the importance of her receiving sufficient nutrition and hydration.

**ANSWER:** Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny all remaining allegations in Count V, paragraph 8.

9. The facility was aware of HELEN's medical diagnoses and the importance of maintaining her electrolyte balance.

**ANSWER:** Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny all remaining allegations in Count V, paragraph 9.

10. On or about September 9, 2005, HELEN was left standing alone by a caregiver and fell.

**ANSWER:** Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., admits only that HELEN GORSKI fell. Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., deny all remaining allegations in Count V, paragraph 10.

11.   In providing the services as the management companies, owners and/or operators of SUNRISE ASSISTED LIVING, the Defendants, SUNRISE MANAGEMENT, INC., f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC., and SUNRISE LIVING INVESTMENTS, through their owners, manager, officers, employees and agents had a duty to exercise ordinary care in the operation of SUNRISE ASSISTED LIVING so as to no endanger HELEN's safety.

**ANSWER:** Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny all remaining allegations in Count V, paragraph 11.

12.   Defendants, SUNRISE MANAGEMENT, INC., f/k/a SUNRISE ASSISTED LIVING MANAGEMENT, INC., and SUNRISE LIVING MANAGEMENTS, by and through their respective employees, agents and apparent agents in breach of their duty were guilty of one or more of the following careless and negligent acts of omissions:

a)   Failed to provide adequate and properly supervised care as needed by HELEN during transfers when they knew she was at high risk for falling due to her arthritis, poor vision, unsteady gait, problems with concentration, periods of confusion and previous falls;

b)   Failed to verify that HELEN maintained acceptable parameters of nutritional status such as body weight and protein levels despite knowledge that she was a nutritional risk;

18

c)      Administered an excessive amount of cathartics and laxatives so as to cause an electrolyte imbalance;

d)      Failed to treat her diarrhea;

e)      Failed to administer sufficient fluids to maintain proper electrolyte imbalance; and

f)      Failed to monitor her lab values to verify that HELEN maintained an appropriate electrolyte balance.

g)      Failed to allocate sufficient resources to adequately staff the facility to provide appropriate care to prevent residents from falling when Defendants knew or should have known the facility was understaffed and unable to provide reasonable care;

h)      Inappropriately allocated excessive funds to itself thereby draining the facility of the resources necessary to maintain sufficient and appropriately trained staff to administer care to its residents;

i)      Failed to have appropriate medical records maintained for HELEN GORSKI documenting her electrolyte balance.

**ANSWER:**   Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., deny all allegations in Count V, paragraph 12(a-i) inclusive.

13.     As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, HELEN sustained injuries including, but not limited to, and fracture of her left knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or contributed to her death on March 27, 2006.

**ANSWER:**   Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., deny all allegations in Count V, paragraph 13.

14.     As a direct and proximate result, HELEN suffered injuries of a personal and pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, and conscious pain and suffering; and HELEN would have been entitled to receive compensation from the Defendant for these injuries, had she survived.

**ANSWER:**     Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., deny all allegations in Count V, paragraph 14.

15.     Plaintiff, ALICE JORGENSEN, was previously appointed as Special Administrator of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

**ANSWER:**     Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., admit that Plaintiff, ALICE JORGENSEN, was previously appointed as Special Administrator of the Estate of HELEN GORSKI, Decedent.

**WHEREFORE**, Defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., state that the plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT VI

### [Gorski v. Sunrise Senior Living Management, Inc. and

### Sunrise Senior Living Investments, Inc.-Wrongful Death Act]

1-13.     Plaintiff adopts, realleges, and incorporates by reference the allegations of Paragraphs 1 through 13 of Count V as the allegations of Paragraphs 1-8 of Count VI.

20

**ANSWER:**    Defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE

SENIOR LIVING INVESTMENTS, INC., adopt, restate, and incorporate by

reference the answers of Count V, paragraphs 1 through 13 as the answers for Count

VI, paragraphs 1 through 13.

14.    As a direct and proximate result of one or more of the Defendant's statutory

violations, HELEN sustained injuries including, but not limited to, and fracture of her left knee,

malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or

contributed to her death on March 27, 2006.

**ANSWER:**    Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE

SENIOR LIVING INVESTMENTS, INC., state affirmatively that they followed all

duties, statutes, regulations, ordinances and obligations established by all applicable

law. Defendants deny all remaining allegations in Count V, paragraph 14.

15.    HELEN GORSKI, left surviving her two daughters, Alice J. Jorgensen and Kathryn

L. Blau, as her only surviving heirs at law, each of whom sustained substantial pecuniary injuries as

a result of her death.

**ANSWER:**    Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE

SENIOR LIVING INVESTMENTS, INC., deny all allegations in Count V, paragraph

15.

16.    HELEN's next of kin suffered injuries as a result of decedent's death, including the

loss of companionship and society. Further, Decedent's estate was diminished by virtue of the

medical and funeral expenses that were incurred.

**ANSWER:**    Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count V, paragraph 16.

17.    ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Decreased, brings this action pursuant to the provisions of the Illinois Survival Act, 740 ILCS 180/1 *et seq.*

**ANSWER:**    Defendants SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., admit only that the Illinois Survival Act, 740 ILCS 180/1 *et seq.*, exists. Defendants deny all remaining allegation of Count V, paragraph 17.

**WHEREFORE**, Defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE SENIOR LIVING INVESTMENTS, INC., state that the plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT VII

**[Gorski v. Alexian Brothers Medical Center, Individually and d/b/a Older Adult Healthcare and Older Adult Healthcare-Survival Act]**

Defendants, SUNRISE SENIOR LIVING, INC., SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING MANAGEMENT, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SCHAUMBURG SL, LLC, SUNRISE THIRD (Pool I),

22

SUNRISE THIRD (Pool II), and SUNRISE THIRD (Pool III), make no answer to Count VII, as it is not directed toward them.

## COUNT VIII

### [Gorski v. Alexian Brothers Medical Center, Individually and d/b/a Older Adult Healthcare and Older Adult Healthcare-Wrongful Act]

Defendants, SUNRISE SENIOR LIVING, INC., SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING MANAGEMENT, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SCHAUMBURG SL, LLC, SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II), and SUNRISE THIRD (Pool III), make no answer to Count VIII, as it is not directed toward them.

## COUNT IX

### [Gorski v. Sunrise Third Schaumburg SL, LLC-Survival Act]

1.      Plaintiff's decedent, HELEN GORSKI, ["HELEN"], was born on January 14, 1918.

**ANSWER:**      Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX, Paragraph 1.

2.      On and after October 15, 2004, Defendant, SUNRISE SCHAUMBURG ASSISTED LIVING, LLC ["SUNRISE, SL"] was a foreign corporation licensed to do and doing business in the State of Illinois.

**ANSWER:**      Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, is an Illinois limited liability company, and its members are AL Funding III, Inc., a corporation organized and existing under the laws of the state of Delaware, with its principal place of

business in New York and SUNRISE SENIOR LIVING INVESTMENTS, INC., a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia.   Defendant denies all remaining allegations of Count IX, paragraph 2.

3.   On and after October 15, 2004, Defendant, SUNRISE, LLC was doing business as Sunrise of Schaumburg, and was formerly known as Sunrise Assisted Living Center.

**ANSWER:**   Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, denies all allegations of Count IX, paragraph 3.

4.   During all times relevant to this Complaint, Defendant SUNRISE, LLC, owned, operated, and/or controlled the assisted living facility known as Sunrise of Schaumburg, f/k/a, Sunrise Assisted Living Center ["SUNRISE ASSISTED LIVING"], located at 790 Plum Grove Road, in the Village of Schaumburg, County of Cook, and State of Illinois.

**ANSWER:**   Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, denies all allegations of Count IX, paragraph 4.

5.   HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004 through March 27, 2006.

**ANSWER:**   Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX, Paragraph 5.

6.   The facility was aware of HELEN's medical diagnoses and the importance of the proper administration of her medications and the necessity of monitoring the effects of those medications through appropriate blood testing.

24

**ANSWER:**   Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX, paragraph 6.

7.     The facility was aware of HELEN's medical diagnoses and the importance of her receiving sufficient nutrition and hydration.

**ANSWER:**   Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX, paragraph 7.

8.     The facility was aware of HELEN's medical diagnoses and the importance of her maintaining her electrolyte balance.

**ANSWER:**   Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX, paragraph 8.

9.     On or about September 9, 2005, HELEN was left standing alone by a caregiver and fell.

**ANSWER:**   Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count IX, paragraph 9.

10.     At all material times, Defendants SUNRISE, INC. was under a duty to exercise reasonable care while caring for HELEN.

**ANSWER:**   Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, states affirmatively that it followed all duties, statutes, regulations, ordinances and obligations established by

25

all applicable law. Defendant denies all remaining allegations of Count IX, paragraph 10.

11.    Defendant, SUNRISE, INC., by and through their employees, agents and apparent agents in breach of their duty were guilty of one or more of the following careless and negligent acts of omissions:

a)    Failed to provide adequate and properly supervised care as needed by HELEN during transfers when they knew she was at high risk for falling due to her arthritis, poor vision, unsteady gait, problems with concentration, periods of confusion and previous falls;

b)    Failed to verify that HELEN maintained acceptable parameters of nutritional status such as body weight and protein levels despite knowledge that she was a nutritional risk;

c)    Administered an excessive amount of cathartics and laxatives so as to cause an electrolyte imbalance;

d)    Failed to treat her diarrhea;

e)    Failed to administer sufficient fluids to maintain proper electrolyte imbalance; and

f)    Failed to monitor her lab values to verify that HELEN maintained an appropriate electrolyte balance.

**ANSWER:**    Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, denies each allegation contained in Count IX, paragraph 11(a-f) inclusive.

12.    As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, HELEN sustained injuries including, but not limited to, and fracture of her left knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or contributed to her death on March 27, 2006.

**ANSWER:**      Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, denies each allegation
contained in Count IX, paragraph 12.

13.      As a direct and proximate result, HELEN suffered injuries of a personal and
pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, and
conscious pain and suffering; and HELEN would have been entitled to receive compensation from
the Defendant for these injuries, had she survived.

**ANSWER:**      Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, denies all allegations
contained in Count IX, paragraph 12.

14.      Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative
of the Estate of HELEN GORSKI, Decedent.  (See Order of Appointment attached as Exhibit "A").

**ANSWER:**      Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, admits that Plaintiff,
ALICE JORGENSEN, was previously appointed as Special Representative of the
Estate of HELEN GORSKI, Decedent.

15.      ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI,
Decreased, bring this action pursuant to the provisions of the Illinois Survival Act, 755 ILCS 5/27-6.

**ANSWER:**      Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, admits only that the Illinois
Survival Act, 755 ILCS 5/27-6, exists.  Defendant denies all remaining allegations
of Count IX, paragraph 15.

**WHEREFORE**, Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, states that the
plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court
dismiss this cause with prejudice and costs.

27

## COUNT X

### [Gorski v. Sunrise Third Schaumburg SL, LLC-Wrongful Death Act]

1-13.   Plaintiff adopts, realleges, and incorporates by reference the allegations of Paragraphs 1 through 13 of Count IX as the allegations of Paragraphs 1 through 13 of Count X.

**ANSWER:**   Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, adopts, restates, and incorporates by reference the answers of Count IX, paragraphs 1 through 13 as the answers for Count X, paragraphs 1 through 13.

14.   Plaintiff, ALICE JORGENSEN, was previously appointed as Special Administrator of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

**ANSWER:**   Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, admits that Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent.

15.   HELEN GORSKI, left surviving her two daughters, Alice J. Jorgensen and Kathryn L. Blau, as her only surviving heirs at law, each of whom sustained substantial pecuniary injuries as a result of her death.

**ANSWER:**   Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, denies all allegations in Count X, paragraph 15.

16.   HELEN's next of kin suffered injuries as a result of decedent's death, including the loss of companionship and society.  Further, Decedent's estate was diminished by virtue of the medical and funeral expenses that were incurred.

**ANSWER:** Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X, paragraph 16.

17.     ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Decreased, brings this action pursuant to the provisions of the Illinois Survival Act, 740 ILCS 180/1 *et seq.*

**ANSWER:** Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, admits only that the Illinois Survival Act, 740 ILCS 180/1 *et seq.*, exists. Defendant denies all remaining allegations of Count X, paragraph 17.

**WHEREFORE**, Defendant, SUNRISE THIRD SCHAUMBURG SL, LLC, states that the plaintiff is not entitled to judgment in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT XI

### [Gorski v. Sunrise Third (Pool I), LLC; Sunrise Third (Pool II), LLC; and Sunrise Third (Pool III), LLC-Survival Act]

1.     Plaintiff's decedent, HELEN GORSKI ["HELEN"], was born on January 14, 1918.

**ANSWER:** Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XI, paragraph 1.

2.     On and after October 15, 2004, each of the Defendants, Sunrise Third (Pool I), Sunrise Third (Pool II) and Sunrise Third (Pool III) ["SUNRISE POOL"], was a foreign corporation licensed to do and doing business in the State of Illinois

29

**ANSWER:**     The Defendant, SUNRISE THIRD (Pool I), LLC, is a Delaware limited liability company, and its sole member is Sunrise Third Senior Living Holdings LLC, a Delaware limited liability company, whose members are SUNRISE SENIOR LIVING INVESTMENTS, INC., a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia, and US Assisted Living Facilities III, Inc., a corporation organized and existing under the laws of the State of Delaware.

The Defendant, SUNRISE THIRD (Pool II), LLC, is a Delaware limited liability company, and its sole member is Sunrise Third Senior Living Holdings LLC, a Delaware limited liability company, whose members are SUNRISE SENIOR LIVING INVESTMENTS, INC., a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia, and US Assisted Living Facilities III, Inc., a corporation organized and existing under the laws of the State of Delaware.

The Defendant, SUNRISE THIRD (Pool III), LLC, is a Delaware limited liability company, and its sole member is Sunrise Third Senior Living Holdings LLC, a Delaware limited liability company, whose members are SUNRISE SENIOR LIVING INVESTMENTS, INC., a corporation organized and existing under the laws of the state of Virginia, with its principal place of business in Virginia, and US Assisted Living Facilities III, Inc., a corporation organized and existing under the laws of the State of Delaware.

30

Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and

SUNRISE THIRD (Pool III) deny all remaining allegations of Count XI, paragraph

2.

3.    On and after October 15, 2004, one or more of the Defendants, SUNRISE POOL, was

doing business as Sunrise of Schaumburg, formerly known as Sunrise Assisted Living Center.

**ANSWER:**    Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE

THIRD (Pool III) deny all allegations of Count XI, paragraph 3.

4.    During all times relevant to this Complaint, one or more of the Defendants, SUNRISE

POOL, owned, operated and/or controlled the assisted living facility known as Sunrise of

Schaumburg, f/k/a Sunrise Assisted Living Center ["SUNRISE ASSISTED LIVING"], located at

790 N. Plum Grove Road, in the Village of Schaumburg, County of Cook, and State of Illinois.

**ANSWER:**    Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE

THIRD (Pool III) deny all remaining allegations of Count XI, paragraph 4.

5.    On and after October 15, 2004, HELEN became a resident of the facility that held

itself out as providing assisted living for individuals and offering specially designed programs of

personalized assisted living services for residents with arthritis, Alzheimer's Disease, gait disorder,

poor vision, hypertension, and degenerative joint disease, including providing physical assistance

with ambulation, assistance with activities of daily living such as eating, incontinence care, and the

administration of medication.

**ANSWER:**    Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE

THIRD (Pool III) are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Count XI, paragraph 5.

31

6.      HELEN was a resident of SUNRISE ASSISTED LIVING from October 15, 2004 through March 27, 2006.

**ANSWER:**    Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XI, paragraph 6.

7.      The facility was aware of HELEN's medical diagnoses and the importance of the proper administration of her medications and the necessity of monitoring the effects of those medications through appropriate blood testing.

**ANSWER:**    Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count X I, paragraph 7.

8.      The facility was aware of HELEN's medical diagnoses and the importance of her receiving sufficient nutrition and hydration.

**ANSWER:**    Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XI, paragraph 8.

9.      The facility was aware of HELEN's medical diagnoses and the importance of her maintaining her electrolyte balance.

**ANSWER:**    Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XI, paragraph 9.

32

10.     On or about September 9, 2005, HELEN was left standing alone by a caregiver and fell.

**ANSWER:**     Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XI, paragraph 10.

11.     At all a material time, each of the Defendants, SUNRISE POOL was under a duty to exercise reasonable care while providing medical care to HELEN.

**ANSWER:**     Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny all remaining allegations of Count XI, paragraph 11.

12.     Each of the Defendants, SUNRISE POOL, by and through their employees, agents and apparent agents in breach of their duty were guilty of one or more of the following careless and negligent acts or omissions.

a)     Failed to provide adequate and properly supervised care as needed by HELEN during transfers when they knew she was at high risk for falling due to her arthritis, poor vision, unsteady gait, problems with concentration, periods of confusion and previous falls;

b)     Failed to verify that HELEN maintained acceptable parameters of nutritional status such as body weight and protein levels despite knowledge that she was a nutritional risk;

c)     Administered an excessive amount of cathartics and laxatives so as to cause an electrolyte imbalance;

d)     Failed to treat her diarrhea;

e)     Failed to administer sufficient fluids to maintain proper electrolyte imbalance; and

f)  Failed to monitor her lab values to verify that HELEN maintained an appropriate electrolyte balance.

**ANSWER:**  Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) deny all allegations contained in Count XI, paragraph 12(a-f) inclusive.

13.  As a direct and proximate result of one or more of each of the Defendant's negligent acts and/or omissions, HELEN sustained injuries including, but not limited to, and fracture of her left knee, malnutrition, loss of weight, electrolyte imbalance, and circulatory failure, all of which caused and/or contributed to her death on March 27, 2006.

**ANSWER:**  Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) deny all allegations contained in Count XI, paragraph 13.

14.  As a direct and proximate result, HELEN suffered injuries of a personal and pecuniary nature, including but not limited to, medical expenses, physical and emotional trauma, and conscious pain and suffering; and HELEN would have been entitled to receive compensation from the Defendant for these injuries, had she survived.

**ANSWER:**  Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) deny all allegations contained in Count XI, paragraph 14.

15.  Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

**ANSWER:**  Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) admit that Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent.

16.    ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Decreased, brings this action pursuant to the provisions of the Illinois Survival Act, 755 ILCS 5/27-6.

**ANSWER:**    Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) admit only that the Illinois Survival Act, 755 ILCS 5/27-6, exists. Defendants deny all remaining allegations of Count XI, paragraph 16.

**WHEREFORE,** Defendants, SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III), state that the plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court dismiss this cause with prejudice and costs.

### COUNT XII

**[Gorski v. Sunrise Third (Pool I), LLC; Sunrise Third (Pool II), LLC; and Sunrise Third (Pool III), LLC-Wrongful Death Act]**

1-13.    Plaintiff adopts, realleges, and incorporates by reference the allegations of Paragraphs 1 through 13 of Count XI as the allegations of Paragraphs 1 through 13 of Count XII.

**ANSWER:**    Defendants, SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) adopt, restate, and incorporate by reference the answers for Count XI, paragraphs 1 through 13 as the answers for Count XII, paragraphs 1 through 13.

14.    Plaintiff, ALICE JORGENSEN, was previously appointed as Special Administrator of the Estate of HELEN GORSKI, Decedent. (See Order of Appointment attached as Exhibit "A").

**ANSWER:** Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) admit that Plaintiff, ALICE JORGENSEN, was previously appointed as Special Representative of the Estate of HELEN GORSKI, Decedent.

15.     HELEN GORSKI, left surviving her two daughters, Alice J. Jorgensen and Kathryn L. Blau, as her only surviving heirs at law, each of whom sustained substantial pecuniary injuries as a result of her death.

**ANSWER:** Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) deny all allegations contained in Count XII, paragraph 15.

16.     HELEN's next of kin suffered injuries as a result of decedent's death, including the loss of companionship and society.  Further, Decedent's estate was diminished by virtue of the medical and funeral expenses that were incurred.

**ANSWER:** Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count XII, paragraph 16.

17.     Plaintiff, ALICE JORGENSEN, as Special Representative of the Estate of HELEN GORSKI, Decreased, brings this action pursuant to the provisions of the Illinois Survival Act, 740 ILCS 180/1 *et seq.*

**ANSWER:** Defendants SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III) admit only that of the Illinois Survival Act, 740 ILCS 180/1 *et seq.*, exists.  Defendants deny all remaining allegations contained in Count XII, paragraph 17.

**WHEREFORE**, Defendants, SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II) and SUNRISE THIRD (Pool III), state that the plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT XIII

**[Respondents in Discovery-Sader Mohsin, M.D. and Bhupinder Chhabra, M.D.]**

Defendants, SUNRISE SENIOR LIVING, INC., SUNRISE SCHAUMBURG ASSISTED LIVING, LLC, SUNRISE SENIOR LIVING MANAGEMENT, INC., SUNRISE SENIOR LIVING INVESTMENTS, INC., SUNRISE THIRD SCHAUMBURG SL, LLC, SUNRISE THIRD (Pool I), SUNRISE THIRD (Pool II), and SUNRISE THIRD (Pool III), make no answer to Count XIII, as it is not directed toward them.

**DEFENDANTS DEMAND TRIAL BY JURY**

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By:_____

Daniel B. Mills

One South Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:    (312) 578-7524
Fax:            (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendants*