ASN/jt: 470000-13                                                                                          Firm I.D. 41529

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICE JORGENSEN, As Special Representative and Special Administrator of the Estate of Helen Gorski, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> SUNRISE SENIOR LIVING, INC., a foreign corporation, d/b/a SUNRISE OF SCHAUMBURG, f/k/a SUNRISE ASSISTED LIVING CENTER, et al. <br><br> Defendants. | No.   07 CV 6353 <br><br> JUDGE GOTTSCHALL |

## MOTION FOR A QUALIFIED PROTECTIVE ORDER

Now comes Defendants, **ALEXIAN BROTHERS MEDICAL CENTER INDIVIDUALLY AND D/B/A ALEXIAN BROTHERS OLDER ADULT HEALTHCARE,** by its attorneys, **ANDERSON, RASOR & PARTNERS, LLP,** pursuant to 42 U.S.C. §1320d and 45 CFR Parts 160 and 164 (HIPAA) and requests that this court enter a qualified protective order, stating as follows:

1. Plaintiff has filed a case alleging professional negligence in the provision of health care to **Helen Gorski, Deceased**.

2. The defendants, treating physicians, hospitals and other health care providers disclosed by plaintiff in this case, are all "covered entities" as defined by 45 CFR 160.103. HIPAA prohibits covered entities from disclosing protected health information in judicial proceedings other than by authorization or qualified protective order.  45 CFR § 164.512(e)

ASN/jt: 470000-13                                                                                          Firm I.D. 41529

3. These covered entities are all in possession of "protected health information" ("PHI") as defined by 45 CFR 160.103 and 160.501, in the form of medical records (imaging, test results, insurance documents, notes, orders, labs, correspondence, pathology, etc) pertaining to **Helen Gorski, Deceased**.

4. Both the prosecution and defense of this case will require that the parties, their attorneys, their attorneys' agents, consultants and various witnesses and other personnel receive and review copies of the PHI pertaining to **Helen Gorski, Deceased**.

WHEREFORE, Defendants, **ALEXIAN BROTHERS MEDICAL CENTER INDIVIDUALLY AND D/B/A ALEXIAN BROTHERS OLDER ADULT HEALTHCARE**, respectfully request that this Court enter the proposed order permitting the use and disclosure of PHI created or received by any covered entity who has provided health care to **Helen Gorski, Deceased** for any purpose connected with the pending litigation.

                                                  Respectfully submitted,

                                                  ANDERSON, RASOR & PARTNERS, LLP

                                                  */s/ Anne S. Nelson*

                                                  _____
                                                  Anne Stalder Nelson Attorneys for Defendants,
                                                  **ALEXIAN BROTHERS MEDICAL CENTER INDIVIDUALLY AND D/B/A ALEXIAN BROTHERS OLDER ADULT HEALTHCARE**

**ANDERSON, RASOR & PARTNERS, LLP**
55 E. Monroe Street, Suite 3650
Chicago, IL 60603
312-673-7800
Attorney I.D. 41529

ASN/jt: 470000-13                                                                                          Firm I.D. 41529

## AFFIDAVIT OF SERVICE

The undersigned on oath deposes and says that she served a true and correct copy of the foregoing **MOTION FOR A QUALIFIED PROTECTIVE ORDER** to:

Jeff Martin
Levin & Perconti
325 North LaSalle, Suite 450
Chicago, IL 60610

Robert Sidkey
Pretzel & Stouffer, Chartered
One South Wacker Drive
Suite 2500
Chicago, IL 60606

by by faxing a copy to the attorney of record at his respective facsimile number by 5:00 p.m. on November 27, 2007.

_____
Jennifer L. Takacs

SUBSCRIBED and SWORN to before
me this November 27, 2007

_____
Notary Public

"OFFICIAL SEAL"
KATHLEEN M. KELTON
Notary Public, State of Illinois
My Commission Expires 07/28/11

3

ASN/jt: 470000-13                                                                                                    Firm I.D. 41529

UNITED STATES DISTRICT COURT<br>
NORTHERN DISTRICT OF ILLINOIS<br>
EASTERN DIVISION

| | |
|---|---|
| ALICE JORGENSEN, As Special Representative and Special Administrator of the Estate of Helen Gorski, Deceased,<br><br>            Plaintiff,<br><br>     vs.<br><br>SUNRISE SENIOR LIVING, INC., a foreign corporation, d/b/a SUNRISE OF SCHAUMBURG, f/k/a SUNRISE ASSISTED LIVING CENTER, et al.<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No.  07 CV 6353<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<b><u>ORDER PURSUANT TO HIPAA</u></b>

This matter having come to be heard on the Motion of Defendants **ALEXIAN BROTHERS MEDICAL CENTER INDIVIDUALLY AND D/B/A ALEXIAN BROTHERS OLDER ADULT HEALTHCARE** for the Entry of a Qualified Protective Order, due notice hereof having been given, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED as follows:

(1)    The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to **Helen Gorski, Deceased** to the extent and subject to the conditions outlined herein.

(2)    For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

ASN/jt: 470000-13                                                                                           Firm I.D. 41529

(3) All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to **Helen Gorski, Deceased** to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4) The parties and their attorneys shall be permitted to use the PHI of **Helen Gorski, Deceased** in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5) At the conclusion of the litigation as to any defendant (which shall be defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant and any person or entity in possession of PHI received from that defendant pursuant to paragraph 4 of this order shall destroy any and all copies of PHI pertaining to **Helen Gorski, Deceased** except: 1) the defendant that is not longer in the litigation may retain PHI generated by him/her/it; and 2) the remaining defendants in the litigation, and persons or entities receiving PHI from those defendants pursuant to paragraph 4 of this order, may retain PHI in their possession.

(6) This order shall not control or limit the use of protected health information pertaining to **Helen Gorski, Deceased** that comes into the possession of any party or any party's attorney from a source <u>other than</u> a "covered entity", (as that term is defined in 45 CFR 160.103).

(7) Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/1 et seq), the Aids Confidentiality Act (410 ILCS 305/1 et seq.) or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and 290ee-3, and 42 CFR Part 2).

Atty No. 41529
Name : Anderson, Rasor & Partners, LLP
Attorney for Defendants, **ALEXIAN BROTHERS MEDICAL CENTER INDIVIDUALLY AND d/b/a ALEXIAN BROTHERS OLDER ADULT HEALTHCARE**
Address: 55 E. Monroe Street
City: Chicago
Telephone: 312-673-7800

_____, 2007

**ENTER**

_____
Judge            Judge's No.